**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CASE NO.:

BELEN GUITIERREZ,

      Plaintiff,

v.

LAKESHORE MANOR, LLC.,
a Florida Limited Liability Company

      Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, BELEN GUITIERREZ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, LAKESHORE MANOR, LLC ("Defendant" or "LSM"), and states as follows:

## NATURE OF THE SUIT

1.    This action is brought under the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, liquidated damages, declaratory relief, reasonable attorneys' fees and costs, and any other damages permitted by law.

## PARTIES, JURISDICTION, AND VENUE

2.    Plaintiff was a non-exempt employee who primarily provided caretaker services, and other non-exempt services/duties for Defendant in Lake County, Florida.

3.    Defendant is an individual, who, at all times relevant, employed Plaintiff in Lake County, Florida.

4.    Jurisdiction and Venue are proper in this Court, as the actions giving rise

to this lawsuit arise out of both Florida and federal law, and occurred in Lake County, Florida.

5.     LSM is a Florida limited liability company located in Clermont, Florida and Lake County, Florida, and which, at all times relevant, performed work in Lake County, Florida.

6.     Jurisdiction is proper in this Court, as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter "FLSA"), to recover unpaid overtime wages, an additional equal amount as liquidated damages, to obtain declaratory relief, and reasonable attorneys' fees and costs.

7.     Venue is proper in this Court, as the actions giving rise to this lawsuit occurred in Lake County, Florida.

**FLSA COVERAGE**

8.     At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

9.     At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

10.     At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

11.     At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

12.     At all times material hereto, Defendant was primarily engaged in providing assisted living and medical services to patients who lived at its facilities

headquarters located in Lake County, Florida.

13.     At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA, but not for purposes of the Motor Carrier Act.

14.     At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

15.     At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as phones, printers, and medical and office equipment, but which had come to rest within its office location in Lake County, Florida.

## FACTUAL ALLEGATIONS

16.     Plaintiff worked for Defendant as a non-exempt employee from May 2015, until her termination on May 11, 2020.

17.     Plaintiff was paid an hourly rate of $10.00 per hour.

18.     Throughout Plaintiff's employment, she regularly worked over forty (40) hours per week but was not properly paid time-and one half for all hours worked per week in excess of forty (40).

19.     Instead, Plaintiff was paid straight time for all hours worked over forty (40).

20.     Specifically, Plaintiff would work between four-five (45) and fifty-five (55) or more hours per week and was never paid proper overtime for same.

21.     Defendant's actions in this regard violate the overtime provisions of the FLSA.

22.     Under the FLSA, an employer is required to pay its non-exempt employees time and one-half for all hours worked over forty (40) in each workweek. *See* 29 U.S.C. § 207.

23.     During all times relevant, Defendant willfully engaged in practices that denied Plaintiff applicable overtime wages under the FLSA, because Defendant was aware that its practices were illegal.

## <u>COUNT I</u>
## <u>VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION</u>

24.     Plaintiff reincorporates and re-alleges paragraphs 1 through 23, above, as though set forth fully herein, and further alleges as follows:

25.     Plaintiff is entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

26.     During Plaintiff's employment with Defendant, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

27.     Plaintiff was not an exempt employee as defined by the FLSA.

28.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages in addition to incurring reasonable attorneys' fees and costs.

29.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

a.    Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b.    Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

c.    Award Plaintiff liquidated damages in an amount equal to the overtime award;

d.    Award Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.    Award Plaintiff pre-judgment interest; and order any other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 14th day of May 2020.

Respectfully Submitted,

**/s/Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail:**noah@floridaovertimelawyer.com**

*Trial Counsel for Plaintiff*