**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| BELEN GUTIERREZ,<br><br>Plaintiff,<br><br>v.<br><br>LAKESHORE MANOR, LLC., a Florida Limited Liability Company,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 5:20-cv-00217-JSM-PRL |

## CASE MANAGEMENT REPORT

1. Meeting of Parties: Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on December 15, 2020 at 11:00 A.M. (X) by telephone and was attended by:

| Name | Counsel for |
|---|---|
| **Alexander T. Harne, Esquire** | **For Plaintiff Belen Gutierrez** |
| **Jesse I. Unruh, Esquire** | **For Defendant Lakeshore Manor, LLC** |

2. Initial Disclosures:

a. Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under

Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one)

___**X**___ have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before **January 19, 2021**.[2]

________ stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:

________________________________________________________________________
________________________________________________________________________
______________________________________________________

________ have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). (Identify party or parties) ______________________________ objects to disclosure of such information for the specific reason(s) that:

________________________________________________________________________
________________________________________________________________________
______________________________________________________

3. Discovery Plan - Plaintiff: The parties jointly propose the following Plaintiff's discovery

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. See Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. See Fed. R. Civ. P. 26(a)(1).

plan:

a. Plaintiff's Planned Discovery: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) Requests for Admission:

**Plaintiff intends to serve requests for admissions.**

Number of Requests for Admission: Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) Written Interrogatories:

**Plaintiff intends to serve written interrogatories on Defendant.**

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) Requests for Production or Inspection:

**The Plaintiff will comply with the applicable Federal and Local Rules governing document requests. Plaintiff will seek production or inspection for all discoverable matters related to the complaint, employment relationship of the parties, and defenses in this matter.**

(4) Oral Depositions:

**Plaintiff intends to depose the corporate representative of Defendant as well as relevant witnesses.**

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
| --- | --- | --- |

**Not applicable at this time.**

b. Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**November 5, 2021**

c. Supplementation of Disclosures and Responses: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**Within thirty (30) days of learning of such supplementation.**

d. Completion of Discovery: Plaintiff will commence all discovery in time for it to be completed on or before **January 7, 2022**.

4. Discovery Plan - Defendant: The parties jointly propose the following Defendant's discovery plan:

a. Defendant's Planned Discovery: A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) Requests for Admission:

**Defendant intends to serve requests for admissions.**

Number of Requests for Admission: Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) Written Interrogatories:

**Defendant intends to serve written interrogatories on Plaintiff.**

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) Requests for Production or Inspection:

**The Defendant will comply with the applicable Federal and Local Rules governing document requests. Defendant will seek production or inspection for all discoverable matters related to the complaint, employment relationship of the parties, damages, and defenses in this matter.**

(4) Oral Depositions:

**Defendant intends to take the deposition of Plaintiff and additional witnesses.**

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
|---|---|---|

**Not applicable at this time.**

b. Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**December 8, 2021**

c. Supplementation of Disclosures and Responses: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**Within thirty (30) days of learning of such supplementation.**

d. Completion of Discovery: Defendant will commence all discovery in time for it to be completed on or before **January 7, 2022**.

5. Joint Discovery Plan - Other Matters: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

**No other agreements at this time.**

6. Disagreement or Unresolved Issues Concerning Discovery Matters: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

**None at this time.**

7. Third Party Claims, Joinder of Parties, Potentially Dispositive Motions: Parties agree that the final date for filing:

a. motions for leave to file third party claims and/or motions to join parties should be **March 5, 2021**.

b. motions for summary judgment and all other potentially dispositive motions should be **February 11, 2022**. (Note time limit in Local Rule 4.03.)

8. Settlement and Alternative Dispute Resolution: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is
___ likely (check one)
_**X**_ unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).

yes **X** no likely to agree in future

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9. Consent to Magistrate Judge Jurisdiction: The parties agree to consent to the jurisdiction of

the United States Magistrate Judge for final disposition, including trial. See 28 U.S.C. § 636.

___ yes **X** no ___ likely to agree in future

10. Preliminary Pretrial Conference:

Track Two Cases: Parties
___request (check one)
**X** do not request

a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

11. Final Pretrial Conference and Trial: Parties agree that they will be ready for a final pretrial conference on or after **April 18, 2022** and for trial on or after **May 16, 2022**. This **Jury X Non-Jury ___** trial is expected to take approximately **2 – 3 days**.

12. Pretrial Disclosures and Final Pretrial Procedures: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

13. Other Matters:

**Mediation will be set prior to January 21, 2022.**

Dated this 23rd day of December, 2020.

| | |
|---|---|
| ***/s/ Jesse I. Unruh***<br>Jesse I. Unruh, Esq.<br>Florida Bar No. 91121<br>Spire Law, LLC<br>2752 W. State Road 426, Suite 2088<br>Oviedo, Florida 32765<br>Telephone: (407) 494-0135<br>E-Mail: jesse@spirelawfirm.com<br>lauren@spirelawfirm.com<br>*Attorneys for Defendants* | ***/s/ Alexander T. Harne***<br>Alexander T. Harne, Esq.<br>Florida Bar No. 126932<br>RICHARD CELLER LEGAL, P.A.<br>10368 W. State Rd 84, Suite 103<br>Davie, Florida 33324<br>Telephone: (866) 344-9243<br>Facsimile: (954) 337-2771<br>E-mail:<br>aharne@floridaovertimelawyer.com |

**CERTIFICATE OF SERVICE**

I hereby Certify that on this 23rd day of December, 2020., the foregoing was electronically filed with the Court by using the Middle District of Florida's CM/ECF portal, which will send a notice of electronic filing to: Noah E. Storch, Esquire and Alexander Harne, Esquire at noah@floridaovertimelawyer.com; john@floridaovertimelawyer.com; aharne@floridaovertimelawyer.com at RICHARD CELLER LEGAL, P.A., 10368 West State Road 84, Suite 103, Davie, FL 33324.

*/s/ Jesse I. Unruh*
Attorney