# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

BELEN GUTIERREZ,

      Plaintiff,

v.

      Case No. 5:20-cv-00217-JSM-PRL

LAKESHORE MANOR, LLC., a
Florida Limited Liability Company,

      Defendants.

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiff, BELEN GUITIERREZ, ("Plaintiff") and Defendant, LAKESHORE MANOR, LLC ("Defendant") (collectively referred to as "The Parties"), move for approval of the Parties' Settlement Agreement and General Release of Claims ("Settlement Agreement") and for dismissal of all claims in this case with prejudice. In support of this Motion, the Parties state as follows:

1. Plaintiff filed the instant lawsuit on May 14, 2020 (Doc. 1).

2. The Complaint alleges that Defendant failed to pay her overtime compensation at the rate required by the Fair Labor Standards Act ("FLSA").

3. Defendant denies that it violated the FLSA and contends that it lawfully paid Plaintiff.

4. To avoid the risks and costs of protracted litigation, the Parties desire to resolve this action fully and finally with prejudice. After a full review of the facts and information, the Parties, who have been represented by experienced counsel at all times, agree that the negotiated terms of the settlement represent a fair, reasonable, and just compromise of disputed issues.

5. The settlement provides that Defendant will pay Plaintiff as follows:

- $2,500.00, representing alleged back wages under the FLSA; and

- $2,500.00, representing alleged liquidated damages under the FLSA.

6. In exchange for these payments, Plaintiff has agreed to dismiss her claims and execute a release of FLSA claims.

7. The FLSA settlement also provides that Defendant will pay Plaintiff's counsel attorneys' fees and costs of $12,500.00. The attorney's fees and costs were negotiated separately, and without regard to, the payments to Plaintiff.

## **MEMORANDUM OF LAW**

In the context of a private lawsuit brought by a putative employee against a putative employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350,

1353 (11th Cir. 1982). The district court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

A court should presume a settlement is fair and reasonable. *Zdun v. Virtu Cathedral Assocs., LLC*, No. 3:17-CV-579-J-39PDB, 2018 WL 3761024, at *3 (M.D. Fla. May 14, 2018) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)), *report and recommendation adopted*, No. 3:17-CV-579-J-39PDB, 2018 WL 3756968 (M.D. Fla. June 13, 2018). The factors for evaluating whether the settlement is fair include:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Id.* (citing *Leverso v. SouthTrust Bank of AL., Nat. Assoc.*, 18 F.3d 1527, 1531 (11th Cir. 1994)).

**I.     The Settlement Agreement's Terms.**

The FLSA Settlement Agreement is attached as Exhibit A. Under the terms of the Agreement, Defendant will pay to Plaintiff the amount of $5,000.00 to settle her claims ($2,500.00 as wages, and an equal amount as liquidated damages). The settlement sum for Plaintiff is less than she could have claimed at trial based on her own legal theories and estimated hours worked, which Defendant disputed. Therefore, the amount paid to Plaintiff fairly balances the monetary amounts at issue in the case with the inherent risks in proceeding with litigation.

3

The Agreement also provides that Defendant will pay Plaintiff's counsel $12,500.00 in attorneys' fees and costs. These fees and costs were negotiated separately, and without regard to, the amount payable to Plaintiff under the Agreement, and, further, the Parties stipulate this sum is reasonable considering the stage of proceedings and the work performed to date by Plaintiff's counsel.

**II.     The General Release Terms.**

The General Release is attached as Exhibit B. Under the terms of the General Release, Defendant, and the Rockrocks, agree to pay Plaintiff $500.00 and forgive the debt of all the monies personally loaned to Plaintiff, in exchange of release of her claims. The Defendant is also releasing Plaintiff from any and all claims it may have against her.  This General Release was negotiated separate and apart from the FLSA Settlement Agreement and was specifically requested by both parties as the Plaintiff had borrowed large sums of money from the individual owners of the Defendant over the years. The Rothrocks had lent this money because Plaintiff is the sister of Mrs. Rosalina Rothrock. Defendant and The Rothrocks advised of the intent to pursue such claims.  However, neither Plaintiff nor the Rothrocks desire to litigate this matter and as part of the complete separation of interests, they all desire a general release.  The Parties understand that it disfavored to have a general release, however, because of the foregoing, this case presents circumstances where a mutual general release is warranted.

4

### III.     The Relevant Factors Show the Settlement Is Fair and Reasonable.

As discussed above, Defendant denies that it owes Plaintiff any additional amounts, and Plaintiff acknowledges that the settlement amounts represent fair recoveries for her claims. The parties therefore believe they have reached a fair settlement.

The settlement involves no fraud or collusion. The proposed settlement arises from an action brought by Plaintiff against her alleged former employers and this action was adversarial in nature. No fraud or collusion exists when both parties are represented by counsel and the amount paid to the plaintiff appears fair. See, e.g., *Helms v. Cent. Fla. Reg'l Hosp.*, No. 605-CV383-ORL-22JGG, 2006 WL 3858491, at *4 (M.D. Fla. Dec. 26, 2006) (considering the parties' representation by counsel in evaluating fairness of an FLSA settlement and finding no suggestion of collusion where the parties stipulated that the settlement was fair and reasonable). Here, each party was represented by experienced counsel. The undersigned counsels represent to the Court that there was no fraud or collusion.

The probability of success on the merits and the complexity, expense, and length of future litigation also favor settlement. This settlement is a reasonable means for the Parties to minimize future risk and litigation costs. The Parties agree that they have been able to properly evaluate the claims and that Plaintiff has at all times been represented by counsel. In agreeing to the proposed settlement, the

Parties had sufficient information and conducted an adequate investigation to allow them to make an educated and informed analysis of the claims. Counsel for Plaintiff and for Defendant believe the settlement to be fair and reasonable.

### IV. Attorneys' Fees Were Negotiated Separately and Are Reasonable.

As part of the Parties' settlement, the attorneys' fees and costs were negotiated separately and without regard to the amounts being paid to Plaintiff for her underlying claims and are not a function of any percentage of recovery. When a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

For all the above reasons, the Parties respectfully request this Court approve the Settlement Agreement and dismiss all claims asserted by Plaintiff in this action with prejudice, retaining jurisdiction to enforce the Settlement Agreement as necessary.

Dated this 24th day of May, 2021.

Respectfully submitted,

| | |
|---|---|
| */s/ Jesse I. Unruh* <br> Jesse I. Unruh, Esq. <br> Florida Bar No. 91121 <br> Whitney DuPree, Esq. <br> Florida Bar No. 110036 <br> Spire Law, LLC <br> 2752 W. State Road 426, Suite 2088 <br> Oviedo, Florida 32765 <br> Telephone: (407) 494-0135 <br> E-Mail: jesse@spirelawfirm.com <br> lauren@spirelawfirm.com <br><br> *Attorneys for Defendant* | */s/ Noah E. Storch* <br> Noah E. Storch, Esq. <br> Florida Bar No. 0085476 <br> Alexander T. Harne, Esq. <br> Florida Bar No. 126932 <br> RICHARD CELLER LEGAL, P.A. <br> 10368 W. State Road 84, Suite 103 <br> Davie, Florida 33324 <br> Telephone: (866) 344-9243 <br> Facsimile: (954) 337-2771 <br> Email: aharne@floridaovertimelawyer.com <br> Email: noah@floridaovertimelawyer.com <br><br> *Counsel for Plaintiff* |

## **CERTIFICATE OF SERVICE**

I hereby Certify that on this 24th day of May, 2021., the foregoing was electronically filed with the Court by using the Middle District of Florida's CM/ECF portal, which will send a notice of electronic filing to: Noah E. Storch, Esquire at noah@floridaovertimelawyer.com at RICHARD CELLER LEGAL, P.A., 10368 West State Road 84, Suite 103, Davie, FL 33324.

                                                    */s/ Jesse I. Unruh* <br>
                                                   Attorney