# EXHIBIT B

**MUTUAL RELEASE OF CLAIMS**

BELEN GUTIERREZ ("Gutierrez"), and LAKESHORE MANOR, LLC., ("Lakeshore" or "Lakeshore Manor, LLC"), along with Rosalina Rothrock and James Rothrock ("The Rothrocks") collectively (the "Parties"), hereby stipulate and agree that:

In exchange for the good and valuable consideration hereunder, and for a total payment of Five Hundred Dollars ($500.00) by Lakeshore to Gutierrez, Gutierrez on Gutierrez's own behalf hereby knowingly, willingly, and voluntarily waives and releases Lakeshore and the Rothrocks, and their respective present, past, and future affiliates, predecessors, successors, parents, subsidiaries, assigns, insurers, and each and every one of their respective owners, officers, directors, employees and agents (collectively referred to as "Released Parties"), from any and all duties, claims, rights, complaints, charges, damages, costs, expenses, attorneys' fees, debts, demands, actions, obligations, and liabilities, of any and every kind, nature, and character whatsoever, whether known or unknown, whether arising out of contract, tort, statute, settlement, equity or otherwise, whether fixed, liquidated, or contingent which Gutierrez has, ever had, or may in the future claim to have against the Released Parties based on any act or omission concerning any matter, cause, or thing before the dates of this Agreement and up to the time of the signing of this Agreement by all parties, including but not limited to, those directly or indirectly arising out of, or otherwise relating to Gutierrez's former alleged employment with Lakeshore Manor, LLC., or separation of alleged employment from Lakeshore Manor, LLC.  This Agreement does not relate to and/or include, and specifically carves-out, any and all claims under the Fair Labor Standards Act.

The scope of this release shall include all claims that could be asserted against any of the Released Parties and are permitted to be released by law, including without limitation, any

alleged violation of any federal, state or local laws, rules or regulations, and all amendments thereto, under Title VII of the Civil Rights Acts of 1866, 1964, and 1991; Age Discrimination in Employment Act (ADEA); Sections 1981 through 1988 of Title 42 of the United States Code; the Lilly Ledbetter Fair Pay Act of 2009; the Civil Rights Act of 1866; Executive Order 11246; 42 U.S.C. § 1981; the Employee Retirement Income Security Act of 1974 (ERISA); the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA); the Health Insurance Portability and Accountability Act of 1996 (HIPAA); the Equal Pay Act of 1963; the Rehabilitation Act of 1973; the Genetic Information Nondiscrimination Act of 2008 (GINA); the Americans With Disabilities Act of 1990 (ADA); the Family and Medical Leave Act of 1993 (FMLA), including without limitation any claims for liquidated damages; the National Labor Relations Act (NLRA); the Worker Adjustment and Retraining Notification Act (WARN); the Fair Credit Reporting Act including, but not limited to, 15 U.S.C. § 1681, *et. seq*; the Rehabilitation Act of 1973; the Uniformed Services Employment and Reemployment Rights Act; the Sarbanes-Oxley Act including the Corporate and Criminal Fraud Accountability Act, 18 USC § 1514A; any federal or state False Claims Act (including, but not limited to, 31 U.S.C. § 3729, et seq. and § 68.081, et seq., Florida Statutes); the Coronavirus Aid, Relief, and Economic Security Act (CARES Act); any employment law of the State of Florida, including, but not limited to, all claims under the Florida common law, statutes, and Constitution, Chapter 447, Florida Statutes; the Florida Civil Rights Act of 1992, as amended (including, without limitation, sex, gender, age, disability, and retaliation); Florida's general labor regulations (including but not limited to wage and retaliation, private whistleblower and any other claims set out in Chapter 448, Part 1, Fla. Stat.); retaliation prohibitions under Florida Workers' Compensation Act, as amended, (Fla. Stat. §440.205); Florida's Equal Pay Law (Fla. Stat. §725.07 and Fla. Stat. §448.07); retaliation provisions under

Doc ID: 7eabd0d1175bcd08fc4f9db487236ad7e084c2a1

the private whistleblower law (Fla. Stat. §448.101 et seq.); retaliation provisions under the Public Whistleblower Act (Fla. Stat. §112.3187, et. al.); and any other state laws (statutes, common law, constitutional) regulations or local ordinances or codes, addressing in any manner nondiscrimination, all forms of retaliation, or human rights, and/or public policy, contract (written, implied or oral), or tort (including by example: negligence, negligent supervision, retention, hiring, or training, invasion of privacy, false imprisonment, defamation, libel, slander, fraud, outrageous conduct, intentional or negligent infliction of emotional distress, tortious interference, assault, and battery), claims that any of the other Released Parties treated or dealt with Gutierrez unfairly or in bad faith, claims based on any other equitable basis or action, claims for any of the Released Parties providing any and all information that may be requested by Florida's reemployment agency in connection with any application for reemployment assistance (a/k/a unemployment) benefits by Gutierrez, any claims on account of, arising out of or in any way connected with Gutierrez's alleged employment with the Company or Gutierrez's separation of that alleged employment; any claims relating to the conduct of any of the Released Parties; and any basis for recovering damages, costs, fees, or other expenses including attorneys' fees ; or having any bearing whatsoever on the terms and conditions and/or cessation of Gutierrez's alleged employment.  Further, Gutierrez represents that Gutierrez did not have and does not have any claims against the Company for age-based discrimination. The Rothrocks also represent and certify release of all claims related to monies personally loaned to Gutierrez.  Lakeshore also represents and certifies that Lakeshore's own behalf hereby knowingly, willingly, and voluntarily waives and releases Gutierrez from any and all duties, claims, rights, complaints, charges, damages, costs, expenses, attorneys' fees, debts, demands, actions, obligations, and liabilities, of any and every kind, nature, and character whatsoever, whether known or unknown, whether arising out of contract, tort, statute, settlement,

Doc ID: 7eabd0d1175bcd08fc4f9db487236ad7e084c2a1

equity or otherwise, whether fixed, liquidated, or contingent which Lakeshore has, ever had, or may in the future claim to have against Gutierrez based on any act or omission concerning any matter, cause, or thing before the dates of this Agreement and up to the time of the signing of this Agreement by all parties, including but not limited to, those directly or indirectly arising out of, or otherwise relating to Gutierrez's former alleged employment with Lakeshore Manor, LLC., or separation of alleged employment from Lakeshore Manor, LLC.

Gutierrez is not waiving any rights she may have to benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; to pursue claims which by law cannot be waived by signing this Agreement; and/or to enforce this Agreement. Gutierrez had no known and unreported workplace injuries or occupational diseases. In addition, Gutierrez affirms that Gutierrez has not been asked to provide or produce any genetic information and that no alleged employment decisions were based on any genetic information. Gutierrez warrants that Gutierrez is not a Medicare beneficiary as of the date of the foregoing release and waiver and therefore no conditional payments have been made by Medicare.

In the event Lakeshore Manor, LLC, is contacted by a prospective employer of Gutierrez, it shall limit information provided to dates of employment and position held only.  No comment(s) shall be made, expressly or impliedly, regarding Gutierrez's termination and/or eligibility for rehire.

Gutierrez understands that Lakeshore Manor, LLC., has or will timely and accurately respond to any requests for information from the Florida reemployment assistance agency. Gutierrez acknowledges that Gutierrez understands and agrees that the Florida reemployment assistance agency is the entity that determines eligibility for benefits and, in accordance with Florida law, Lakeshore Manor, LLC., must truthfully and completely provide information

Doc ID: 7eabd0d1175bcd08fc4f9db487236ad7e084c2a1

regarding Gutierrez's alleged separation if requested by the agency and may be required to report some or all of these payments to that agency.

Each party understands that providing the consideration described above is not an admission of any liability. This Mutual General Release may be executed in counterparts each of which shall be deemed an original, and all of which together shall be deemed one and the same instrument.

In the event of any litigation arising from a breach of the Agreement, the prevailing party shall be entitled to recovery any remedy or right it or she may have at law or in equity, including but not limited to, her/its reasonable attorneys' fees and costs.

The effective date of this agreement shall be the date that the last Party signs, below.

EACH PARTY HAS HAD A FULL AND COMPLETE OPPORTUNITY TO REVIEW THIS AGREEMENT. EACH PARTY HAS CAREFULLY REVIEWED THIS AGREEMENT AND CONFERRED WITH THAT PARTY'S ATTORNEY ON THIS MATTER. EACH PARTY UNDERSTANDS ALL OF THE PROVISIONS OF THIS AGREEMENT AND THAT THIS AGREEMENT FOREVER DISCHARDES ANY CLAIM ONE PARTY MAY HAVE AGAINST THE OTHER UP TO THE EFFECTIVE DATE OF THIS AGREEMENT. THE PARTIES AFFIRM THAT THEY UNDERSTAND AND FREELY AND VOLUNTARILY ENTER INTO THIS AGREEMENT.

**PURSUANT TO THE AGE DISCRIMINIATION IN EMPLOYMENT ACT AND THE OLDER WORKERS BENEFIT PROTECTION ACT, EMPLOYEE AFFIRMS EMPLOYEE WAS GIVEN A PERIOD OF AT LEAST 21 DAYS TO REVIEW THIS AGREEMENT AND/OR IS KNOWINGLY WAIVING THE 21 DAY REVIEW PERIOD.**

Doc ID: 7eabd0d1175bcd08fc4f9db487236ad7e084c2a1

**EMPLOYEE HAS SEVEN DAYS TO REVOKE THIS AGREEMENT AFTER SIGNING IT. EMPLOYEE MAY REVOKE THIS AGREEMENT BY PROVIDING WRITTEN NOTICE TO ROSALINA ROTHROCK OF LAKESHORE MANOR, LLC. NOTICE OF REVOCATION SHOULD BE SENT VIA CERTIFIED MAIL TO THE BUSINESS ADDRESS OF LAKESHORE MANOR LLC., RETURN RECEIPT REQUESTED.**

Dated: 05 / 21 / 2021 _____

LAKESHORE MANOR, LLC.

Sign: *Rosalina Rothrock*

Name: Rosalina Rothrock

Title: Administrator

Date: 05 / 21 / 2021

_____
LAKESHORE MANOR, LLC.

_____
ROSALINA ROTHROCK

Date: 05 / 21 / 2021

_____
JAMES ROTHROCK

Date: 05 / 21 / 2021

_____
BELEN GUITIERREZ

Date

Doc ID: 7eabd0d1175bcd08fc4f9db487236ad7e084c2a1

**EMPLOYEE HAS SEVEN DAYS TO REVOKE THIS AGREEMENT AFTER SIGNING IT. EMPLOYEE MAY REVOKE THIS AGREEMENT BY PROVIDING WRITTEN NOTICE TO ROSALINA ROTHROCK OF LAKESHORE MANOR, LLC. NOTICE OF REVOCATION SHOULD BE SENT VIA CERTIFIED MAIL TO THE BUSINESS ADDRESS OF LAKESHORE MANOR LLC., RETURN RECEIPT REQUESTED.**

Dated: _____          LAKESHORE MANOR, LLC.


Sign:_____

Name: _Rosalina Rothrock_____

Title:_____

_____          _____
LAKESHORE MANOR, LLC.                    Date


_____          _____
ROSALINA ROTHROCK                        Date


_____          _____
JAMES ROTHROCK                           Date

_____          May 21, 2021
Belen Gutierrez (May 21, 2021 12:10 EDT)  _____
BELEN GUITIERREZ                         Date